**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SHEADRICK McGASKILL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 17-0150-KD-N** |
| | ) | |
| **BAHAMA BOB'S BEACHSIDE CAFE, INC., *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER APPROVING SETTLEMENT AGREEMENT**

This action is before the Court on the parties' Joint Motion to Approve of Settlement Agreement (doc. 20). Upon consideration, and for the reasons set forth herein, the Joint Motion is GRANTED, and the settlement is APPROVED.

I. Background

Plaintiff Sheadrick McGaskill was employed at Bahama Bob's Beachside Café at Gulf Shores, Alabama as a cook from July 22, 2014 to March 17, 2015. His hourly rate of pay was $13.00 per hour. On April 7, 2017, he filed this action against Defendants Bahama Bob's Beachside Café, Inc., Stephen W. Spellman, Jr., Frank B. Merrill, Jr., and Robert L. Murphy for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* (FLSA) (doc. 1). Plaintiff alleges that he was a "non-exempt", hourly employee, but was not paid the appropriate wages for the hours worked. He also alleges that when he worked more than forty hours per week, he was not paid overtime compensation at the proper overtime rate, and that Defendants would pay him with cash instead of a payroll check. Plaintiff brings two counts against the Defendants: Count I for failure to pay the required hourly minimum wage and Count II for failure to pay overtime compensation. *See* 29 U.S.C. § 206, § 207. Plaintiff seeks his unpaid compensation, liquidated

damages, attorney's fees, costs and other compensation.

Defendants admit that Plaintiff was employed as a cook at Bahama Bob's Beachside Café, Inc., that he was an hourly employee, and that they are incorporators or officers of the corporation (doc. 7). Defendants also admit that this Court has jurisdiction and that venue is proper in the Southern District of Alabama. However, they dispute Plaintiff's allegations as to when and how long he was employed, and deny the majority of the remaining allegations regarding the FLSA claims, including any allegation or claim that they acted willfully within the meaning of 29 U.S.C. § 216(b). They also set forth thirteen affirmative defenses, including the defense that Plaintiff's claims are barred by the statute of limitations and by the Portal-to-Portal Act, and that Defendants were acting in good faith with reasonable grounds to believe that their actions did not violate the FLSA.

The parties engaged in discovery as required by the Court's Preliminary Scheduling Order for FLSA Cases (doc. 8). Plaintiff answered the Court's interrogatories (doc. 13). Defendants provided the Verified Summary of the hours Plaintiff worked, his pay, and documents in support (doc. 15, 16). The parties engaged in settlement negotiations based on their respective independent calculations and analysis. They participated in a settlement conference on August 25, 2017 and reached a full settlement of all issues (doc. 18).

The parties then filed the pending Joint Motion to Approve Settlement Agreement wherein they set forth the terms of the settlement and move the Court to approve the Settlement Agreement (doc. 20). The parties did not file a separate written settlement agreement. The Settlement Agreement is incorporated into the Joint Motion (doc. 20, p. 6-10).

In reaching their decision to settle, the parties recognized that there would be additional expense in time and money should the litigation continue and that they would face the uncertainty and risks of litigation, including the risk that Plaintiff may not recover at all, or

recover less, and Defendant's risk of a verdict against them on the merits. They also acknowledged the difficulties and delays inherent in litigation. Therefore, settlement was a mutually appealing resolution (doc. 20).

The parties assert that because of these risks, and because both parties negotiated the Settlement Agreement in good faith and at arms-length while represented by competent and experienced counsel, the settlement is mutually satisfactory and a fair and reasonable resolution of a bona fide dispute under the FLSA. In support, Plaintiff states that he is satisfied that he will be reasonably compensated. Further, Plaintiff's counsel represents that Plaintiff understands the Agreement, has consulted with counsel as to the terms, and knowingly and voluntarily entered into the Agreement (doc. 20).

II. Analysis

In *Lynn's Food Stores*, the Court of Appeals for the Eleventh Circuit recognized that

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . .
>
> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

679 F.2d 1350, 1352–1353 (11th Cir. 1982); (footnotes omitted).

The Eleventh Circuit further explained that

> [o]ther than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the

> FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

679 F.2d at 1355.

Thus, pursuant to the FLSA, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of FLSA provisions, and if so, approve the parties' Settlement Agreement. 679 F.2d at 1355; *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009); *Stalnaker v. Novar Corp*., 293 F. Supp. 2d 1260, 1263 (N.D. Ala. 2003). If the Plaintiff has settled his FLSA dispute on issues of coverage or the amount due for back wages, he may do so only with the Court's approval of the Settlement Agreement. The rationale is that

> [s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

Also, the Eleventh Circuit has stated that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Silva,* 307 Fed. Appx. at 351 (citation omitted). Therefore, the Court must determine whether the parties have a bona fide dispute over FLSA provisions and then determine whether their proposed Settlement Agreement is a fair and reasonable resolution of that dispute.

A. <u>Bona fide dispute over FLSA provisions</u>

Section 216(b) of the FLSA provides that " ... [a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in

the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages...” 29 U.S.C. § 216(b).

“[T]he FLSA obligates employers to compensate employees for hours in excess of 40 per week at a rate of 1 ½ times the employees' regular wages.” *Christopher v. SmithKline Beecham Corp.,* 132 S. Ct. 2156, 2162 (2012) (citation omitted). Section 207 is captioned “Maximum Hours” and paragraph (a)(1) states as follows:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

Upon review of the complaint and answer (docs. 1, 7) and the parties’ representations in the Joint Motion (doc. 20), the Court finds that there is a “bona fide dispute” over FLSA provisions. Specifically, the parties dispute whether Plaintiff was properly compensated for overtime, whether Defendants acted willfully within the meaning of 29 U.S.C. § 216(b), and whether the Defendants acted in good faith.

After reviewing the records, the parties recognized that Defendants had paid Plaintiff some amounts for overtime hours, but the total payment was deficient. Based on the hours of overtime, the parties reached a settlement wherein Plaintiff was compensated for the overtime hours for which he had not been fully compensated. Without conceding that the deficiency in the overtime payments was not in good faith, Defendants agreed to pay Plaintiff the amount of liquidated damages, which could be awarded at trial.

B. Fair and reasonable settlement

The Court must determine whether Plaintiff’s compromise and settlement of his claims is

fair and reasonable. *Lynn's Food Stores,* 679 F.2d at 1352-1355. In *Silva*, the Eleventh Circuit explained that the FLSA imposes "a duty to review the compromise" of an FLSA claim. 307 Fed. Appx. at 352. As a framework, the Court may consider the following factors: "1) the existence of fraud or collusion behind the settlement; 2) the complexity, expense, and likely duration of the litigation; 3) the stage of the proceedings and the amount of discovery completed; 4) the probability of plaintiff's success on the merits; 5) the range of possible recovery; and 6) the opinions of the counsel." *Dees v. Hydradry, Inc.,* 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010) (finding that the factors for evaluating the fairness of a settlement in a class action were applicable in an FLSA action); *Mason v. Wyndham Vacation Ownership, Inc.*, 2012 WL 570060 (M.D. Fla. Feb. 17, 2012) (same); *Lewkowicz v. F&J's Caffe Italia, LLC*, 2016 WL 3438750, at *2 (M.D. Fla. June 23, 2016) (same). With the foregoing in mind, the Court now reviews the terms and provisions of the Settlement Agreement.

1. Settlement of the FLSA Claim

Plaintiff claimed that Defendants did not pay at least the Federal minimum wage for the hours he worked (doc. 1, Count One). Now, the parties indicate in the Settlement Agreement that Plaintiff was paid $13.00 per hour during his employment. This amount is greater than the federal minimum wage applicable during the time period that Plaintiff worked for Defendants. [1] The Settlement Agreement does not contain any provision for payment of unpaid minimum wages. Therefore, Plaintiff appears to have abandoned pursuit of this claim.

In Count Two, Plaintiff alleged that Defendants failed to pay overtime (doc. 1). Plaintiff alleged that he was not exempt from receiving overtime compensation. He alleges that "in many

[1] The Federal minimum wage in 2014 and 2015 was $7.25 per hour. U.S. Department of Labor, Wage and Hour Division. https://www.dol.gov/whd/state/stateMinWageHis.htm.

weeks during his employment with the Defendants, he worked between eighty (80) and ninety (90) hours in a work week" but was not paid at the rate of one and one half times his regular rate of pay for the overtime hours worked. (Id., p. 9)

After review of Defendants' payroll records, specifically Plaintiff's time clock reports and time sheets, and the Verified Summary showing wages and overtime compensation (docs. 15, 16), the parties now represent that Plaintiff's maximum potential recovery should the action have been tried, and Defendants failed to demonstrate a good faith defense, would be $2,668.49 in back pay and $2,668.49 in liquidated damages for a total of $5,336.98 (doc. 20, p. 8). Defendants offered this amount as compensation and Plaintiff accepted the offer. Plaintiff agrees that this amount will compensate him for every overtime hour during his employment with Defendants and for liquidated damages.[2]

Overall, there does not appear to be any evidence of collusion or fraud. Therefore, this factor weighs in favor of approving the settlement. Upon consideration of the remaining factors - the complexity, expense, and likely duration of the litigation should the action proceed to trial, the stage of the proceedings and the amount of discovery completed (the action was settled soon after the Plaintiff answered the Court's interrogatories (doc. 13) and the Defendants provided the Verified Summary and supporting documents (docs. 15, 16)), the probability of Plaintiff's success on the merits in the face of Defendants' affirmative defenses, and the range of possible recovery (from zero to $5,336.98 as represented by the parties to be the amount that could be proven at trial based on the payroll records available) - the Court finds that these factors also

---

[2] Although Plaintiff brought Count I alleging a violation of the FLSA provision requiring payment of a minimum wage, the Settlement Agreement appears to focus on Count II alleging a violation of the FLSA overtime provisions. Plaintiff is represented by counsel. Therefore, the Court will take Plaintiff at his word that this amount will compensate him.

weigh in favor of approving the Settlement Agreement. As to the last factor, the opinions of counsel, the Court finds that this factor also weighs in favor of approving the Settlement Agreement. Competent and experienced attorneys represent the parties, and they have expressed their opinion that the settlement is fair and reasonable and negotiated at arms' length.

2. Scope and Terms of the Settlement Agreement

The Court finds that the Settlement Agreement does not contain any of the disfavored provisions that frequently encumber approval of a FLSA settlement agreement. For example, the Settlement Agreement does not contain a pervasive release provision, a confidentiality provision, or a waiver of future employment.

As another term of the Settlement Agreement, Defendant Bahama Bob's Beachside Café, Inc. has accepted full responsibility, and will allow judgment to be entered against it, and pay the judgment. Because of this acceptance of full responsibility, the parties agree that the issue of individual liability need not be resolved and the individual Defendants should be dismissed with prejudice upon the Court's approval and entry of the stipulated final judgment.

In conclusion, the parties confirm to the Court that there are no other terms that have not been stated in the Settlement Agreement. They also confirm that the settlement applies to all issues and claims, including attorney's fees (doc. 20, p. 10).

3. Attorney's Fees and Costs

The FLSA requires that the "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In this circuit, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 Fed. Appx. at 352; *Czopek v. Tbc Retail*

*Group., Inc.*, 2016 WL 7116112, at *5 (M.D. Fla. Nov. 7, 2016), *report and recommendation adopted,* 2016 WL 7104187 (M.D. Fla. Dec. 6, 2016) (same). As part of the review, the Court should consider whether the attorney's fees were negotiated separately and apart from the Plaintiff's settlement of the FLSA claims. *See Wing v. Plann B Corp.*, 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012) (where there is a reasonable basis for compromise and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees, . . . there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel").

In the Joint Motion, the parties state that they "discussed attorney's fees and costs only after coming to an agreement that fully compensated the Plaintiff's claims under the three-year statute of limitations" (doc. 20, p. 8). Thus, the Court finds no reason to believe that any settlement of Plaintiff's claim for unpaid overtime wages was affected by any conflict of interest created by the negotiation for attorney's fees and costs to be paid to his counsel.

The parties agreed to an attorney's fee of $4,410.00 plus costs of $402.00. The parties state that Plaintiff's counsel spent "over 11 hours" in this action and bills at the rate of $350.00 per hour, that an associate counsel spent 1.5 hours in this action at a rate of $250.00 per hour, and that a paralegal spent 1.6 hours at a rate of $100.00 per hour.[3] Generally, the Court conducts a lodestar analysis as part of its review of the reasonableness of a FLSA attorney's fee. *See Norman v. Alorica*, 2012 WL 5452196, at *2 (S.D.Ala. Nov. 7, 2012). To do so "courts are to consider the number of hours reasonably expended on the litigation, together with the customary hourly rate for similar legal services. These amounts are multiplied together to determine the so-

[3] Assuming 11 hours for lead counsel, the total is $4,385.00 (doc. 20, p. 8, n.1). As to "over 11 hours" of work, there is a $25.00 difference between $4,410.00 and $4,385.00.

called 'lodestar.'" *Padurjan v. Aventura Limousine & Transp. Serv., Inc.*, 441 Fed Appx. 684, 686 (11th Cir. 2011) (internal citations omitted). The district court may consider the twelve factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), when determining the reasonable hourly rate and reasonable hours expended.

As to the number of hours reasonably expended, Plaintiff's counsel failed to provide the Court with a detailed statement of the work performed during the 14.1 hours. However, the parties did state that "Plaintiff's counsel expended extensive time studying Defendants' voluminous records, as well as time negotiating with Defendants and preparing damages calculations" (doc. 20, p. 9). Based upon the Court's own experience,[4] the Court finds that 14.1 hours is justified for the work performed in this action. In addition to the above, Counsel would have spent time communicating with Plaintiff. Also, the docket shows that Counsel filed the complaint and prepared responses to the Court's interrogatories. Additionally, Counsel kept costs down by shifting part of the work to an associate and a paralegal. Therefore, the Court finds that the hours expended and the work performed were reasonable.

As to the customary hourly rate for similar legal services, Plaintiff's counsel failed to provide the Court with any evidence that $350.00 is the customary hourly rate for similar legal services, *i.e.,* legal services in a FLSA action in the Southern District of Alabama. Instead, Counsel relies upon cases awarding $350.00 per hour as a reasonable hourly rate in the Northern and Middle Districts of Florida (doc. 20, p. 9, n.1). Counsel provided no information regarding the associate or the paralegal, such that the Court could determine whether their hourly rates

---

[4] "A court, however, 'is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman v. Housing Auth.*, 836 F.2d 1292, 1302 (11th Cir. 1988)).

were the customary hourly rate for similar legal services performed by an associate or paralegal in the Southern District of Alabama.

As to lead counsel and the associate, this Court has found that $250.00 to $300.00 per hour is a customary hourly rate for experienced and qualified attorneys and $150.00 to $225.00 is a customary hourly rate for less-experienced associates with fewer years of practice. *See Goldsby v. Renosol Seating, LLC*, 2013 WL 6535253, at *9 (S.D. Ala. Dec. 13, 2013) ("[T]his Court's customary hourly rates for attorneys ... range[] from $250.00 to $300.00 for more experienced and qualified attorneys, $150.00 to $225.00 for less experienced attorneys and associates with few years of practice…") (approving the settlement of a FLSA collective action).[5] As to a reasonably hourly rate for paralegals, this Court has customarily approved $75.00 per hour. *Ford v. Navika Capital Group,* 2017 WL 1381668, *7 (S. D. Ala. April 17, 2017) (order approving a FLSA collective action settlement) (citing *PNC Bank v. Classic Crab, Inc.,* 2016 WL 4257360, at *5 (S.D. Ala. Aug. 11, 2016) (collecting cases)). Thus, the Court is hesitant to find that $350.00 per hour for lead counsel, $250.00 per hour for an associate with unknown years of experience or any evidence of specialization, or $100.00 per hour for a paralegal with unknown qualifications, are customary hourly rates.

However, the parties represent that they separately negotiated the attorney's fees after they engaged in good faith and arms length negotiations to settle Plaintiff's claims. Also there is no indication that settling the issue of attorney's fees had an adverse effect or negative influence upon the fairness of the settlement of Plaintiff's claims. Therefore, the Court approves the

---

[5] Although Plaintiff's lead counsel did not provide any information as to his experience or qualifications, the Court previously determined that Plaintiff's counsel had been a member of the Alabama Bar since 1997. *See Brown v. Thyme Restaurant, LLC,* Civil Action No. 15-0451-KD-B (Doc. 23) (S.D. Ala. March 25, 2016).

agreed-upon[6] hourly rates, but approval is specifically limited to this action.

Multiplying the hours reasonably expended times the approved hourly rates yields a lodestar of approximately $4,410.00. Because "there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve" *Bivins v. Wrap It Up, Inc*., 548 F.3d 1348, 1350 (11th Cir. 2008) (internal citations and quotation marks omitted), and because the parties represent that the attorneys' fees were separately negotiated, the Court approves the agreed-upon amount of $4,410.00 as a reasonable attorney's fee to be paid by Defendants.

Moreover, a "lodestar analysis is not always required." *Lyons v. Beef O'Brady's,* 2015 WL 5602452, at *2 (S.D. Ala. Sept. 23, 2015). "[P]ersuasive district court authority has deemed scrutiny of the reasonableness of plaintiff's agreed-upon attorney's fees to be unnecessary in an FLSA settlement where 'the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff,' except in circumstances where 'the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney.' " *Id.* (quoting *Crabtree v. Volkert, Inc*., 2013 WL 593500, at *7 n. 4 (S.D. Ala. Feb. 14, 2013) quoting in turn *Bonetti v. Embarq Management Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)).

As to costs, Plaintiff states that he has incurred $402.00 in this action, but he did not provide the Court with any evidentiary support. However, the docket indicates that Plaintiff paid a filing fee of $400.00 (doc. 1). Additional costs or expenses of $2.00 do not appear unreasonable. And again, the parties separately negotiated the costs. Therefore the Court

---

[6] *See Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1337 (11th Cir. 2001) ("[T]he agreed-upon billing rate is a strong indication of a reasonable rate" and is "relevant evidence to determine the fee rate, but it is not necessarily determinative.").

approves the expenses as reasonable.

4. Approval of the Settlement Agreement

Upon consideration of the foregoing and review of the terms of the Settlement Agreement, the Court approves the Settlement Agreement as set forth in the parties' Joint Motion (doc. 20, p. 6-10), as a fair and reasonable settlement of Plaintiff's FLSA claims.

III. Conclusion

For the reasons set forth, the parties' Joint Motion to Approve Settlement Agreement is GRANTED. Accordingly, it is ORDERED that

1. The Settlement Agreement as set forth in the Joint Motion (doc. 20, p. 6-10) constitutes the parties' entire Settlement Agreement.

2. The Settlement Agreement is approved as a fair and reasonable resolution of a bona fide dispute of FLSA provisions.

3. Judgment shall be entered in favor of Plaintiff Sheadrick McGaskill and against Defendant Bahama Bob's Beachside Café, Inc., in the total amount of $10,148.98, allocated as follows:

a. To Plaintiff, the sums of $2,668.49 in back pay and $2,668.49 in liquidated damages, for a total of $5,336.98;

b. To Plaintiff's counsel, the sums of $4,410.00 as an attorney's fee and costs of $402.00, for a total of $4,812.00.

4. This action is DISMISSED with prejudice as to Defendants Stephen W. Spellman, Jr., Frank B. Merrill, Jr., and Robert L. Murphy.

DONE and ORDERED this the 24th day of October 2017.

**/s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**